UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DWIGHT RICE, | No. 2:14-cv-1784 KJN P |
| Petitioner, | |
| v. | ORDER |
| BARACK OBAMA, et al., | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Petitioner sets forth the following grounds for habeas relief: (1) America has committed a crime against humanity by allowing him and other African Americans to be called "Black;" (2) America is guilty of social and economic discrimination against minorities and African Americans; (3) to allow anyone to assume the place of white or black, cursed or holy, for the complexion of his or her skin is a violation; and (4) Black History month is offensive, degrading and a dishonor to all African Americans past and present.  (ECF No. 1 at 4-5.)

1    Petitioner concedes that he did not exhaust his state court remedies in connection with these
2    grounds because the state court has no jurisdiction because his claims are based on the
3    Constitution, "civil rights," and "human rights." (ECF No. 1 at 5.)
4         A petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 challenges the
5    fact or duration of a petitioner's conviction. By contrast, a civil rights action brought pursuant to
6    42 U.S.C. § 1983, challenges the conditions of the prisoner's confinement. In the petition,
7    petitioner notes that he was convicted in the Los Angeles County Superior Court on May 19,
8    1999. (ECF No. 1 at 7.) However, petitioner's claims do not challenge his custody.[1] Because
9    petitioner does not challenge the fact or duration of his confinement, his claims are not
10   appropriate for a § 2254 action.
11        The district court has the discretion to construe a habeas petition which attacks conditions
12   of confinement as a civil rights action pursuant to 42 U.S.C. § 1983. See Wilwording v.
13   Swanson, 404 U.S. 249, 251(1971), superseded by statute on other grounds as recognized in
14   Woodford v. Ngo, 548 U.S. 81, 84 (2006); Hansen v. May, 502 F.2d 728, 729-30 (9th Cir. 1974)
15   (a pro se litigant whose habeas petition challenges conditions of confinement is "entitled to have
16   his action treated as a claim for relief under the Civil Rights Act").
17        Although the court may construe a habeas petition as a civil rights action, it is not required
18   to do so. After Wilwording, there were significant changes in the law. For example, the filing
19   fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the
20   fee is forgiven. However, for civil rights cases, the fee is $400.00 and under the Prisoner
21   Litigation Reform Act the prisoner is required to pay such fee, even if granted in forma pauperis
22   status, by way of deductions from the prisoner's trust account. A prisoner who might be willing
23   to file a habeas petition might feel differently about a civil rights complaint for which the $400.00
24   fee would be deducted from income to the prisoner's trust account.
25   ////

---

[1] Petitioner previously challenged his conviction through a petition for writ of habeas corpus in Rice v. Pliler, Case No. 2:02-cv-0848 GEB JFM (E.D. Cal.), which was denied on August 16, 2005.

Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Here, petitioner does not challenge the conditions of his confinement, or specifically allege the constitutional violation or federal law he claims was violated. Thus, his claims are subject to dismissal for failure to state a cognizable civil rights claim.

For all of these reasons, the undersigned declines to construe petitioner's filing as a complaint under 42 U.S.C. § 1983. Because the instant petition does not challenge the fact or duration of petitioner's confinement, the petition is dismissed without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted; and

2. The petition is dismissed without prejudice.

Dated: August 13, 2014

/rice1784.dsm

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3